UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GEORGE ASHBY

                         Plaintiff,                       **ECF CASE**

-against-

                                                **TRIAL BY JURY**
                                                **DEMANDED**

THE CITY OF NEW YORK (CITY); THE NEW
YORK CITY POLICE DEPARTMENT (NYPD);        CIVIL NO.
Individually and in his official capacity as then
NEW YORK CITY POLICE OFFICER –
POLICE OFFICER SEAN JOHNSTONE

                        Defendants.
------------------------------------------------------------X

Plaintiff, **GEORGE ASHBY** by and through his attorney, Rudy Velez, Esq., respectfully shows to this court and alleges, as follows:

## INTRODUCTION

1. This is a civil rights action in which the plaintiff, GEORGE ASHBY seeks relief for the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983 and the Fourth and fourteenth Amendments of the New York State Constitution and Constitution of the United States.

2. Plaintiff seeks money damages, attorney's fees and such further relief as this Court deems just and proper.

3. This action commenced within three years after plaintiff's claim arose by reason of the termination of the criminal prosecution in favor of the plaintiff.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. §1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

5. Jurisdiction is founded upon 28 U.S.C. §1331,1343 (1-4) and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

## JURY DEMAND

7. Plaintiff demands trial by jury in this action.

## PARTIES

8. Plaintiff GEORGE ASHBY (ASHBY) is an American Citizen residing in Kings, New York.

9. Defendant CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of the police officer named as a defendant I this action.

10. Defendant NEW YORK CITY POLICE DEPARTMENT (NYPD) is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

11. At all times relevant herein, defendant POLICE OFFICER SEAN JOHNSTONE (JOHNSTONE) was a Police Officer of the NYPD, acting as an agent, servant and employee of defendant CITY and in furtherance of the scope of his employment and acting under color of the law; to wit under color of statues, ordinances, regulations, policies, customs and usages of the CITY and/or the Police Department.

12. At all times relevant herein, defendant JOHNSTONE was a police officer employed by the NYPD.

13. JOHNSTONE was fired from NYPD after his felony conviction in January, 2011 for conspiracy to steal drugs from suspects and give the dope to snitches. He resigned from the NYPD.

14. At all times relevant herein, defendant JOHNSTONE was acting as agent, servant and employee of defendant City of New York.

15. At all times relevant herein, the defendant was all acting under color of state law.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

16. On June 2, 2005, at approximately 12:01 A.M. plaintiff had just exited 2949 where he was visiting his grandmother. He was stopped right in front of this building by then police officers JOHNSTONE and JERRY BOWENS. Officer JOHNSTONE informed ASHBY that he fit the description of a robber. This was a pretext to stop and search ASHBY. He was taken to 23 and Surf Ave where a marked police van drove by. JOHNSTONE then arrested ASHBY. He was taken to Brooklyn Central booking.

17. While ASHBY was in central booking he learned that JOHNSTONE had arrested him for selling crack/cocaine to him in exchange for money. These charges were entirely fabricated. Plaintiff did not possess narcotics nor did he receive money from JOHNSTONE in exchange for crack.

18. In his sworn Criminal Court Complaint, defendant JOHNSTONE claimed that plaintiff directly gave him US currency in exchange for crack/cocaine crack-cocaine.

19. This sworn statement was entirely fabricated. Plaintiff did not possess either crack-cocaine or sell it to then Police Officer JOHNSTONE. Police officer JOHNSTONE was convicted of conspiracy for paying off an informant in drugs in 2007, while assigned to the Brooklyn South Narcotics Division as Cran undercover.

Subsequently, Plaintiff's conviction for criminal sale of a controlled substance in the third degree ( a class B felony) and other related charges were dismissed and sealed. Other convictions from cases in which JOHNSTONE play a key role were also vacated and dismissed on or about November 4, 2022.

20. According to a New York Times article of November 17, 2022, the Kings County District Attorney's office consented to the vacatur of numerous convictions that had relied upon 13 former police officers who had subsequently been convicted of crimes. Forty-seven of the cases, including plaintiff's, were felonies.

21. On October 12, 2022 ASHBY'S criminal court counsel moved to vacate ASHBY'S conviction pursuant to a writ of error coram nobis. At the time ASHBY was arraigned for selling Narcotics bail was set and the Plaintiff remained in custody until his release on June 6, 2006. ASHBY served three months on Rikers Island exposed to out of control gang violence. He also served ten months in upstate prisons . This was ASHBY'S first exposure to incarceration and this experience traumatized him greatly. In addition ASHBY was required to complete a year of parole, a further restriction of his liberty. While on parole ASHBY was violated for a violation of curfew and again incarcerated for ninety days.

22. According to the same article, in 2021 and 2022 a total of 876 convictions –250 in the Bronx, 188 in Manhattan, 378 in Brooklyn, and 60 in Queens—were vacated upon consent of the District Attorneys because the convictions depended on the word of NYPD officers who had been convicted of crimes or otherwise discredited.

23. While in the state prison plaintiff was attacked and physically assaulted by other inmates. He was severely traumatized and suffered severe physical and emotional harm.

24. The acts complained of herein, and the vacatur of 876 convictions referenced in par. are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers and supervisory officers.

25. The failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

26. The official policies, practices and customs of the City of New York and the NYPD, alleged herein violated plaintiff's rights guaranteed by 42 USC § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

27. The conduct towards plaintiff alleged in this Second Claim for Relief subjected plaintiff to trauma, shock, debasement, shame, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, suffering.

28. The Supreme Court of New York, County of Kings ordered that ASHBY'S judgment of conviction be vacated on October 12, 2022. In addition, on this same date, it was further ordered that ASHBY'S indictment be dismissed with prejudice.

## CAUSES OF ACTION

### COUNT ONE

#### 42 U.S.C. § 1983 Fourth and Fourteenth Amendment

## Violations: Malicious Prosecution

29. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs 1 through 28 as if fully set forth herein.

30. On or about June 2, 2005 the defendants initiated a criminal proceeding against the plaintiff by misrepresenting and falsifying evidence in the criminal court brought by and signed by then P.O. JOHNSTONE P.O. JOHNSTONE continued his lies in the grand jury in order to secure an indictment.

31. P.O. JOHNSTONE was the primary witness and there was no other independent evidence to support his claims.

32. Plaintiff states that then P.O. JOHNSTONE did not make a complete and full statement of facts. P.O. JOHNSTONE misrepresented and falsified evidence that created a falsehood in signing the felony complaint and P.O. JOHNSTONE lies were material for a finding of probable cause.

33. In commencing and continuing the prosecution of plaintiff, defendants caused plaintiff to be falsely charged with acts in violation of the Penal law of the State of New York.

34. Plaintiff had not given defendant CITY, its agents, servants or employees, including then P.O. JOHNSTONE probable cause to believe that plaintiff had committed the falsely charged illegal acts.

35. The defendants acted with malice because then P.O. did not arrest the plaintiff with the desire to see the ends of justice served but rather with a false motive of planting and fabricating evidence.

36. As a result of the false evidence provided by defendants, plaintiff was forced under threat of issuance of a warrant to defend against false charges.

37. Plaintiff ultimately was deprived of her liberty by serving 1 year incarceration and exposed to further restrictions on his liberty.

38. The conduct of the defendants was the direct and proximate cause of plaintiff's loss of liberty for 1 year and violated plaintiff's statutory rights guaranteed by the laws and Constitution of New York and the United States.

39. On October 12, 2022, plaintiff's conviction was vacated and the indictment dismissed with prejudice pursuant to an order of the Supreme Court, of the State of New York.

## COUNT TWO

## 42 U.S.C.§1981, 1983 AND THE FOURTEENTH AMENDMENT VIOLATIONS FOR FABRICATED EVIDENCE

40. Plaintiff repeats and reiterated the allegations contained in paragraphs "1" through "39" of the complaint as if fully set forth herein.

41. On or about June 2, 2005 in the County of Kings, New York, ASHBY was unlawfully detained, arrested, imprisoned by agents, servants and/or employees of defendant, CITY including P.O. JOHNSTONE.

42. That the aforesaid and imprisonment was malicious, unlawful, and not based upon a warrant, probable cause, and or any justification but based on fabricated – evidence.

43. That defendant CITY, through its agents, servants and/or employees, including police defendants, P.O. JOHNSTONE acted in bad faith and without probable cause in

committing the aforesaid arrest and imprisonment of ASHBY. Police Officer JOHNSTONE fabricated information, to wit he lied about his participation as an undercover agent buying drugs from ASHBY.

44. That the aforesaid arrest and imprisonment was made with fabricated evidence as sworn to in the criminal complaint. The information JOHNSTONE forwarded to prosecutors formed the basis for ASHBY'S prosecution and ASHBY became aware that this fabricated evidence, if believed, would likely influence a jury's verdict and convict ASHBY.

45. The aforesaid fabrication of evidence caused ASHBY to suffer a deprivation of his liberty for 1 year, along with a further restriction of his liberty by being placed on parole.

46. By reason of the foregoing, the defendants became liable to ASHBY in a sum of money which exceeds the jurisdiction limits of all courts of lesser jurisdiction.

## COUNT THREE

## MUNICIPAL LIABILITY FOR

## CONSTITUTIONAL VIOLATIONS: MONELL CLAIM

47. Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs "1" through 46" of this complaint.

48. Prior to October 2, 2005 defendant CITY developed and maintained policies and customs which caused the deprivation of plaintiff's Constitutional rights.

49. Prior to June 2, 2007 the responsible policy making officials of defendant CITY knew, or in the exercise of reasonable care should have known, that individual police

officers of the CITY had engaged in a pattern and practice of Illegal and unconstitutional conduct, including performing false arrests, malicious prosecutions and unconstitutional searches on arrestees. Specifically, defendants CITY knew or should have known that defendants P.O.JOHNSTONE and other Brooklyn police officers had falsely arrested and/or unlawfully searched numerous other people, often resulting in tainted prosecutions.

50. Despite knowledge of the aforesaid, pattern and practice, defendant CITY failed to properly investigate this conduct, and failed to supervise, train and discipline the officers of the New York City Police Department.

51. Defendant CITY adopted a "hands off' policy of custom with regard to such illegal and unconstitutional acts committed by police officers, which encouraged the individual defendants in this case to believe that they could violate the constitutional rights of the plaintiff with impunity and with the explicit or tacit approval of defendant CITY, in violation of 42 U.S.C. § 1983.

**52.** As a result of the foregoing, plaintiff sustained the damages and injuries previously described, and seeks compensatory damages from the City of New York.

## DAMAGES

53. As a direct and proximate result of the said acts of the defendant, GEORGE ASHBY suffered the following injuries and damages:

    a. Violation of his rights under the Fourth and Fourteenth Amendments to the Constitution:

    b. Loss of physical liberty due to incarceration:

    c. Further restriction on his liberty due to forced court appearance:

d. Humiliation, embarrassment, injury to reputation, physical abuse;

e. Extreme emotional distress;

f. Severe disruption of family.

**WHEREFORE**, plaintiff requests the following relief as against all of the defendants:

1. Award compensatory damages in an amount to be determined by the Court.

2. Award attorneys' fees as fair and reasonable compensation for services rendered in connection with this action;

3. For such other and further relief as to this Court may deem just and proper.

Respectfully submitted,

*Rudy Velez*

RUDY VELEZ/ RV/7160
930 Grand Concourse suite 1A
Bronx, New York 10451
(917) 674-0573
rvesq@yahoo.com

Dated: August 20 2024
Bronx, New York